### IPPOLITO v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 11217. Decided Dec 22, 1930

Edward C. Stanton, Cleveland, for Ippolito.

Ray T. Miller, Cleveland, for State.

MIDDLETON, P. J., MAUCK & BLOSSER, JJ. (4th Dist) sitting.

MAUCK, J.

Plaintiff in error urges that the verdict cannot be sustained by the weight of the evidence. The testimony is in conflict, as is apt to be the case, but there is no reason why the jury should not have adopted the view of the state's witnesses, as opposed to the evidence of the defense, and the court can give no serious consideration to this claim.

After the defendant had taken the stand and testified in his own behalf and the prosecuting attorney was about to cross-examine him, the trial judge said:

"Mr. Prosecutor, his defense is out of the case entirely. You will confine your cross-examination solely and only as to the state's case and a general plea of 'not guilty'."

The record continues:

Mr. Fitzmartin: "His defense is out of it entirely?"

The court: "Out of the case entirely. The man denied having a gun and denied having shot, so therefore it is inconsistent that self-defense could be an issue in the case."

It is claimed that the language of the court was equivalent to stating to the jury that the accused had no defense at all. This is an errnoeous interpretation of the court's statement. While we have not the statements made by counsel, to the jury at the opening of the case, it is evident that those statements must have been that the defendant would rely upon self-defense. This is apparent because the trial proceeded on the issue made by the defendant that he did not fire the shot and that question was submitted to the jury with appropriate instructions. What the court said, therefore, to the prosecuting attorney, was that inasmuch as there was no evidence of self defense, it was not necessary for the prosecuting attorney to go into that feature of the case. In this the court was right.

A third and more interesting and more important question concerns the form of the indictment, the charge of the court and the form of the verdict rendered.

Heretofore prosecutions for shooting under the section referred to, have been made under the theory that 12420 GC, makes two substantive offenses of malicious shooting. One, where such shooting is with intent to kill, and the other where such shooting is with intent to wound or maim, and indictments have generally consisted of two

counts, differing only in the intent charged.

Sec 13437-6 (113 O. L. 164) provides that under the reformed criminal procedure, it is sufficient to charge that the accused maliciously shot another "with intent to kill or wound him."

The court, in instructing the jury, made no distinction between the intent to kill or wound, and did not require the jury to pass upon the character of the intent that inspired the shooting.

The instructions permitted a general verdict to kill or wound, on the theory that if the jury found that the prosecuting witness had been maliciously shot by the accused, it was immaterial as to whether the purpose of the accused was to kill or wound her. The jury responded to the instructions, by finding that the defendant was "guilty of maliciously shooting Theresa Scilla with intent to kill or wound her, as charged in the indictment."

The question raised is a new one. It has been held, however, in this State, that the legislature has power to prescribe the form of indictments.

Lougee vs State, 11 Ohio 68
Wolf vs State, 19 Oh St 248
Norman vs State, 109 Oh St 213.

Clearly the new code of criminal procedure has authorized the precise form of indictment employed in this case, and while the new code does not specifically disclose any purpose to alter the definition of crimes elsewhere found in the statutes, the effect of permitting an indictment to ignore the difference in the two sorts of intent that may have moved one charged with malicious shooting, necessarily requires the conclusion that the trial jury is permitted to follow the example of the grand jury in finding a general verdict of shooting and is no longer required to explore the recesses of the criminal's mind, in an attempt to ascertain the precise intent with which he was performing the criminal act.

The trial followed the letter and the spirit of the law and the judgment is affirmed.

Middleton, PJ, and Blosser, J, concur.